# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

KRISTOPHER D. KELLY,
      Appellant,

    v.

TENNESSEE VALLEY AUTHORITY,
      Agency.

DOCKET NUMBER
AT-0752-15-0064-C-1

DATE: January 5, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jennifer B. Morton</u>, Esquire, and <u>Pat Kelly</u>, Knoxville, Tennessee, for the appellant.

<u>Jennifer L. Grace</u>, Knoxville, Tennessee, for the agency.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Additionally, the agency filed a motion for leave to file additional pleadings. Compliance Petition for Review File, Tab 20. In this motion, the agency is seeking leave to supplement its legal argument with an Equal Employment Opportunity Commission (EEOC) decision, *Alyce R. v. U.S. Postal Service*, EEOC Appeal No. 0120160107, 2017 WL 3214465 (July 18, 2017), which was issued after the record closed in this case. The agency, however, has failed to explain how *Alyce R.* is material and would warrant an outcome different from that of the initial decision, given that the administrative judge, in the initial decision, applied the same long-standing legal doctrines that the EEOC relies on. Accordingly, the agency's motion for leave is denied.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**ORDER**

The agency has filed a petition for review of the initial decision, which granted the appellant's petition for enforcement and found the agency in noncompliance. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

**BACKGROUND**

In the underlying appeal, the administrative judge reversed the agency's decision to remove the appellant from his position as a Senior Nuclear Security Officer (NSO) for failure to meet the medical requirements of his position,

---

[2] We also deny the agency's request to set aside the Final Order in the underlying appeal. *See* 5 C.F.R. § 1201.118 (providing that the Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final).

finding that the appellant established his affirmative defense of disability discrimination. *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-I-1, Initial Decision (Sept. 9, 2015). Specifically, the administrative judge found that the agency failed to engage in a good faith effort to accommodate the appellant, and thus, the appellant proved that the agency failed to meet its obligation to reasonably accommodate his disability by reassigning him to another position for which he was qualified and could have been assigned. *Id.* at 7-10. Accordingly, the administrative judge reversed the removal action. *Id.* at 11.

The agency filed a petition for review, and the Board issued a Final Order denying the agency's petition. *Kelly v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-15-0064-I-1, Final Order (June 16, 2016). The Board agreed with the administrative judge that the agency failed to make a good faith effort during the interactive process. *Id.*, ¶ 11. The agency was ordered to "cancel the removal and to restore and reassign the appellant the Custodian (Trainee) position, or to another position at or below the appellant's formal grade level for which he is qualified, effective September 11, 2014." *Id.*, ¶ 13.

The agency subsequently advised the appellant in a letter dated August 15, 2016, that it considered itself as having complied with the requirements of the Board's order because it had "reclassified" the appellant within its human resources system as a Custodian (Trainee) retroactive to September 11, 2014, and that he had been receiving full pay and benefits "for that job classification" since September 9, 2015, the date the initial decision was issued. Compliance File (CF), Tab 10 at 20. The letter further advised the appellant that he owed the agency $2,131.59 "after all credits, deductions, and offsets," and it instructed the appellant to forward a check in the full amount to the agency. *Id.*

The appellant filed a petition for enforcement, arguing that, from the date of the issuance of the initial decision in September 2015 through August 2016, the agency made no effort to contact him to discuss his abilities, job

opportunities, or possible accommodations that he might need to perform the Custodian (Trainee) job or any other job within the agency. CF, Tab 9. The appellant also identified the following outstanding compliance issues: (1) he claimed that the agency failed to reimburse him for medical expenses incurred due to the loss of health insurance between September 2014, the month in which the agency removed him, and September 2015, the month the initial decision ordered the agency to reinstate him and to provide interim relief if the agency filed a petition for review of the initial decision; (2) he sought verification of the agency's back pay calculations from documents the agency relied on for its calculations, including supporting documents for the agency's calculation of his base salary, performance bonuses, raises, night differential, and interest calculation; (3) he sought verification of the agency's calculation of his annual and sick leave balances from documents on which the agency relied to calculate these balances; (4) he sought verification that he was actually paid $7,652.25 as "Lump Sum Leave Paid"; (5) to the extent that he was unable to work as a Custodian (Trainee) due to the progression of his disease, he sought an order requiring the agency to reassign him to another position for which he was qualified; (6) he sought an order prohibiting the agency from engaging in retaliatory conduct toward him; and (7) he sought an order referring the proceeding to mediation with a Board attorney. CF, Tab 9.

The agency responded that the appellant failed to "allege with any specificity TVA's noncompliance with the Final Order." CF, Tab 10 at 5. The agency asserted that it has complied "because it has placed Appellant in the Custodian Trainee position effective September 11, 2014, and it has given him his back pay, interest, and benefits." *Id.* at 8.

After considering the appellant's petition for enforcement, the agency's response thereto, and the appellant's reply to the agency's response, the administrative judge found that the agency failed to establish that it is in compliance with the Board's Final Order. CF, Tab 14, Compliance Initial

Decision (CID) at 8. The administrative judge found that, while the initial decision and the Board's Final Order both found that there was at least one vacant position for which the appellant was qualified at the time, neither the initial decision nor the Final Order determined that the Custodian (Trainee) job was the position to which the appellant was entitled to be reassigned in accordance with the agency's obligations under the Rehabilitation Act. CID at 8. The administrative judge found that the agency offered no evidence to establish that the Custodian (Trainee) position to which it reassigned the appellant was the vacant position for which the appellant was qualified and that came closest to the appellant's NSO position "in terms of pay, status, etc." CID at 8-9. Further, because the agency calculated the appellant's back pay on the Custodian (Trainee) position without sufficient evidence to determine whether that was the position to which the agency should have reinstated the appellant, the administrative judge found that the agency had submitted insufficient evidence to allow the Board to determine whether the agency's back pay calculations were correct. CID at 9. To the extent the appellant challenged the agency's off-setting of the lump-sum payment he received for his unused annual leave, the administrative judge found that the agency is required to offset a lump-sum payment for annual leave under the Back Pay Act and that the appellant failed to provide a reasonable basis to support a conclusion that the offset amount was not properly calculated. CID at 9. Regarding the appellant's claim that he should be reimbursed for his medical expenses, the administrative judge found that, while the appellant may be entitled to reimbursement for medical expenses incurred during the period of his removal, the Board has no authority to direct an agency to pay an employee additional or consequential expenses in connection with a back pay award. CID at 10. Additionally, because the agency is required to submit documentation sufficient to establish that it properly calculated the back pay amount due to the appellant, the administrative judge denied the appellant's request to engage in discovery concerning the overpayment. Finally, the

administrative judge denied the appellant's motion for a Board order requiring the agency to cease collection of the lump-sum payment the appellant received for his unused annual leave.

The agency filed a petition for review of the compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 5. The appellant filed a response, and the agency filed a reply to the response. CPFR File, Tabs 12, 18.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency remains in noncompliance regarding the restoration of the appellant to a position at or below his former grade level for which he is qualified.

When the Board finds a personnel action unwarranted, as in this case, the goal is to place the appellant, as nearly as possible, in the status quo ante, i.e., the situation he would have been in had the wrongful personnel action not occurred. *See Tubesing v. Department of Health and Human Services*, 112 M.S.P.R. 393, ¶ 5 (2009). When an appellant who has prevailed before the Board files a petition for enforcement, it is the agency's burden to prove its compliance with the Board's final order. *Id.* An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011).

Here, the agency argues on review that the administrative judge erroneously interpreted and misapplied the plain language in the Board's order concerning the restoration of the appellant. CPFR File, Tab 5. Specifically, the agency contends that the administrative judge erred when she found the agency "to be noncompliant" and "ordered the parties to go back to the very beginning and engage in an interactive discussion, rather than enforcing the Final Order as written based on its plain meaning." *Id.* at 5-6. The agency also continues to challenge the initial decision and the Board's decision on the removal action. *Id.* at 24-30. Indeed, the agency asserts that the Board has a "lack of understanding" of the applicable law and that the Final Order "did little more than rubber stamp

the [administrative judge's] initial decision and further misconstrue the law." *Id.* at 27.

However, the agency continues to fail to understand that an employee only has a general responsibility to inform his employer that he needs accommodation for a medical condition. *Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 17 (2006). Once the employee has requested accommodation, the employer must engage in the interactive process in an effort to determine an appropriate accommodation, and the employer cannot escape liability for disability discrimination simply because the employee failed to suggest a particular accommodation. *Id.* As stated in the initial decision, the Board has repeatedly held that an employing agency is in a better position than a disabled employee to know about its ability to modify duties or working conditions to meet the needs of the employee. *Id.*

Here, the Final Order explicitly ordered the agency to "cancel the removal and to restore and reassign the appellant to the Custodian (Trainee) position, **or to another position at or below the appellant's formal grade level for which he is qualified, effective September 11, 2014**." *Kelly*, MSPB Docket No. AT-0752-15-0064-I-1, Final Order, ¶ 13 (emphasis added). The wording of this order intentionally did not require the agency to reassign the appellant to the Custodian (Trainee) position. Rather, the agency was specifically ordered to reassign the appellant to a position for which he is qualified, and the Custodian (Trainee) position was one possible position **if** the appellant was qualified to perform the duties. *Id.* On review, the agency does not deny that it failed to engage in the interactive process in locating a position within the appellant's qualifications. CPFR File, Tab 5. Rather, the agency continues to challenge the Board's determination that the agency engaged in disability discrimination when it removed the appellant. *Id.* For example, the agency continues to assert that it was not obligated to engage in the interactive process prior to the hearing because it was the appellant's burden to prove that a position was available for which he

was qualified, and the only position the appellant identified was the Custodian (Trainee) job.  *Id.* at 27-28.  However, we find no merit to the agency's argument that it has no obligation or responsibility to participate in the interactive process with the appellant to comply with the Board's Final Order.

It is undisputed that the agency has made no effort at any time prior to the appellant's removal in 2014 through this compliance appeal filed in January 2017 to engage, in good faith, in the interactive process with the appellant to determine whether the agency has any position, duties, or working conditions which could be modified to meet the appellant's restrictions.  Instead, the agency appears to be arguing that it believes it has complied because it finally "reassigned" the appellant to the Custodian (Trainee) position, but because the appellant's medical conditions have now advanced, thereby preventing him from performing the duties of the Custodian (Trainee) position, the Board should vacate the Final Order.  CPFR File, Tab 5 at 32-34.

However, both the administrative judge and the Board previously have found that the agency discriminated against the appellant on the basis of his disability when it removed him from his NSO position without making a good faith effort to engage in the interactive process.  Although the agency continues to challenge these findings and it reasserts the arguments it previously raised before the Board, we decline to disturb the Final Order.  CPFR File, Tab 5 at 24-27.  Furthermore, the agency's delayed reassignment of the appellant to the Custodian (Trainee) position and its subsequent determination that he cannot perform the position's duties do not constitute engaging in good faith in the interactive process to reassign him to a position that "comes closest to the employee's current position in terms of pay, status, etc.," for which he is qualified to perform the duties.  *See* EEOC, Enforcement Guidance; Reasonable Accommodation and Undue Hardship Under the American with Disabilities Act, www.eeoc.gov/policy/docs/accommodation.html  (2002); *see also Tubesing*,

112 M.S.P.R. 393, ¶ 5.  Accordingly, the administrative judge correctly found the agency in noncompliance with the Final Order.

The agency also raises numerous arguments alleging that the appellant has submitted a disability retirement application, or applications with the Office of Personnel Management (OPM), which have been granted.  However, any such applications were submitted after the agency failed to engage in the interactive process and assist the appellant in locating a position for which he was qualified.  Moreover, 5 U.S.C. § 7701(j) provides that "[i]n determining the appealability under [section 7701] of any case involving a removal from the service . . . , neither an individual's status under any retirement system established by or under Federal statute nor any election made by such individual under any such system may be taken into account."  *Id.*; *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 21 (2014).  The essential occurrence in such cases is the timing of the agency's action, rather than the timing of the grant of retirement by OPM.  As long as an agency effects an action prior to the grant of retirement by OPM, the Board has jurisdiction over the action, regardless of the effective date of the retirement.  *Fox*, 120 M.S.P.R. 529. ¶ 21.  Here, it is undisputed that the appellant applied for disability retirement benefits after the agency removed him from his position.  CPFR File, Tab 5 at 17.  Accordingly, the agency's arguments concerning the status of the appellant's retirement in this compliance appeal are unavailing.

In addition, the agency asserts that, "[b]ecause the Board designated its Final Order as nonprecedential under 5 C.F.R. § 1201.117(c), that effectively stripped TVA of the opportunity to appeal to the Federal Circuit."  CPFR File, Tab 5 at 30.  However, the agency's argument shows that it lacks an understanding of the Board's statutory judicial appeal process.  As set forth in 5 U.S.C. § 7703(d)(1), the agency does not have a direct right of appeal of a Board decision, whether the decision is designated as nonprecedential or not.  Rather, the right to appeal a Board final decision is restricted to the Director of

OPM. Specifically, the OPM Director may request review of any final order or decision of the Board within 60 days after its issuance. To request review, the Director may timely file "a petition for judicial review in the United States Court of Appeals for the Federal Circuit if the Director determines, in the discretion of the Director, that the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive." 5 U.S.C. § 7703(d)(1). If the Director "did not intervene in a matter before the Board, the Director may not petition for review of a Board decision under this section unless the Director first petitions the Board for a reconsideration of its decision, and such petition is denied." *Id.* Here, because the OPM Director did not intervene, nor did the Director timely file a petition for reconsideration of the Board's decision and have it denied, the agency had no right to appeal the Board's Final Order to the Federal Circuit.

Because we are affirming the compliance initial decision that found the agency in noncompliance, the agency is directed to file evidence of compliance with the Office of the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing

the petition for review of the compliance initial decision and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.[3]

## ORDER

We ORDER the agency to submit to the Office of the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission must demonstrate, as set forth above, that the appellant has been reassigned to a position for which he is qualified, a position which is at or below his former grade level as an NSO, effective September 11, 2014. To be in compliance regarding the provisions of back pay, interest on back pay, and benefits of employment, the agency must provide a detailed and clear explanation of the calculations it has made in determining the amount due the appellant, supported by relevant documentary evidence, in the form of copies of correspondence, statements, and declarations made under penalty of perjury. Among other things, the agency must (1) clearly set forth the gross amount due to the appellant and show how that amount was determined; (2) clearly set forth the amount and reason for all deductions, reductions, and offsets from the gross amount due of the appellant; (3) clearly set forth the source and amount of all checks or electronic payments already received by the appellant and provide evidence that such checks or electronic payments were received; and (4) clearly set forth the amount of interest due the appellant and how that amount was calculated. The agency must also clearly set forth its calculations relating to the appellant's sick and annual leave balances, his Thrift Savings Plan account, including both the appellant's and the agency's contributions, and any other benefit of employment the appellant would have received but for the agency's unwarranted personnel action. Finally, the agency must provide evidence that it

---

[3] The subsequent decision may incorporate the analysis and findings set forth in this Order.

has restored the appellant's health insurance benefits. In addition to the calculations, the agency must provide a clear and detailed narrative explanation of its calculations so that the Board may understand the calculations and verify that they are correct. The agency must provide an explanation of all codes and abbreviations used in its documentation. The agency must serve all parties with copies of its submission.

We also ORDER the agency to submit to the Office of the Clerk of the Board within 60 days of the date of this Order the name, title, grade, and address of the agency official charged with complying with the Board's order, and inform such official in writing of the potential sanction for noncompliance as set forth in 5 U.S.C. § 1204(a)(2) and (e)(2)(A). 5 C.F.R. § 1201.183(a)(2). In the absence of this information, the Board will presume that the highest-ranking appropriate agency official who is not appointed by the President by and with the consent of the Senate is charged with compliance. *Id.*

The agency's submission should be filed under the new docket number assigned to this compliance referral matter, MSPB Docket No. AT-0752-15-0064-X-1. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of

compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.

FOR THE BOARD: _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.